JAMES J. RICHARDS AND ANOTHER, RESPONDENTS, *v.*
NATHANIEL BLOOM, IMPLEADED, ETC., APPELLANT.

*Referee — failure to report in sixty days.*

APPEAL from an order made at the Special Term, denying a motion to set aside the report of a referee.

This action was submitted to the referee to determine the same, on the 20th August, 1874, which day was fixed by the parties for an oral argument, but the plaintiffs' attorney, on account of sickness, prepared a written argument and left it with the referee.

The defendants' attorney arrived at the referee's office after his opponent had gone, and also submitted a written argument.

The action was not decided in sixty days, and the two attorneys, on the 20th October, 1874, wrote a letter to the referee as follows : " We. find that the time within which the report in this case should have been made and delivered, expired yesterday, but we are not thereby disposed to terminate the reference unless you desire it to be done. We feel that we would be better satisfied to sum up the evidence orally if you are inclined to hear us and have not determined upon the character of the decision you shall render, and would, therefore, if agreeable to you, designate the twenty-seventh instant, at ten o'clock, as the day and hour when we shall appear before you for such purpose."

On the day mentioned in the letter, the parties appeared before the referee, and he requested a postponement until 4th November, 1874, when the case was orally argued and submitted.

The referee did not decide the action within sixty days from 4th November, 1874, and on the 7th January, 1875, the defendants' attorney served a notice on the plaintiffs' attorney and on the referee, that he elected to terminate the reference. The referee made his report subsequently in favor of plaintiffs.

The defendants applied at Special Term to set aside the report, and this application was denied, from which this appeal was taken.

The General Term *held*, that though the effect of the oral argument was undoubtedly to extend the time to decide the action for sixty days after the fourth November (*Gregory* v. *Cryder*, 10

Abb. Pr. [N. S.], 296), yet there was nothing in the letter above referred to whereby either party waived his right to a decision within the statutory time.

That as no stipulation was asked or given for more than sixty days within which to decide, and as after the sixty days had elapsed, the defendants served a notice terminating the reference, it was irregular for the referee to decide the action after the service of that notice.

*A. T. Gurlitz*, for appellant.  *Henry J. Schenck*, for respondents.

Opinion by Barnard, P. J.

Present — Barnard, P. J., Tappen and Talcott, JJ.

Order reversed and reference vacated, with ten dollars costs of motion and ten dollars costs of appeal.

---

# THE NATIONAL BANK OF NEWBURGH, Respondent, v. DANIEL SMITH, Appellant.

*Note — appropriation of maker's bank deposit in payment of.*

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The defendant is sued as indorser of a promissory note made by one Thomas George, payable to the order of the defendant and indorsed by him to the plaintiff. The note was for $500, dated February 4th, 1874, and payable ten days after its date at the plaintiff's bank. George, the maker, kept an account at the plaintiff's bank. The practice had been to charge the notes of George in his account as they fell due at the plaintiff's bank, in case the account was good for the amount at the time the note matured; not otherwise. When the note in suit matured there was only about the sum of ten dollars to the credit of George, and the note in question was not charged up in his account. On the 2d day of March, 1874, George made a general deposit of the sum of $500 to his credit in the bank, without any specific directions as to the application or appropriation of the amount. This sum was passed to the general credit of George at the time of the deposit, and